**Affirmed and Opinion Filed March 8, 2022**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

_____

**No. 05-19-00548-CV**
_____

**IN THE INTEREST OF S.V., A MINOR CHILD**

**On Appeal from the 256th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF-04-11968-V**

## MEMORANDUM OPINION

Before Justices Myers, Osborne, and Carlyle
Opinion by Justice Osborne

Venky Venkatraman (Father), pro se, appeals the trial court's May 6, 2019 order modifying the parent–child relationship and confirming child-support arrearages (May 6, 2019 order). We construe Father's sole issue on appeal to argue the trial court abused its discretion when it declined to reduce the amount of child support and ordered that it remain the same because there was no evidence to support

the trial court's findings and conclusions.[1]  We conclude the trial court did not err

and affirm the trial court's May 6, 2019 order.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Father and Mother divorced on June 1, 2005, and have two children.[2]  Father

has repeatedly been before this Court appealing various orders and seeking

mandamus relief regarding this high-conflict custody case.[3]  The underlying facts

[1] We note that Father does not challenge the portion of the trial court's order relating to child support arrearages.  Also, Father concedes in his brief on appeal that the portions of the May 6, 2019 order related to custody, possession, and access of the child are moot because the child has already turned 18 years old.  Accordingly, we do not address these portions of the trial court's May 6, 2019 order.

[2] The children are now over eighteen years of age.  This appeal relates solely to the younger child who was under eighteen at the time of the trial court's May 6, 2019 order.

[3] *See In re Venkatraman*, No. 05-19-00941-CV, 2019 WL 4233381 (Tex. App.—Dallas Sept. 6, 2019, orig. proceeding) (mem. op.) (denying petition for writ of mandamus complaining of May 6, 2019 final modification order in suit affecting parent–child relationship); *In re S.V.*, No. 05-17-01486-CV, 2019 WL 3026768 (Tex. App.—Dallas July 9, 2019, no pet.) (mem. op.) (affirming order in suit affecting the parent–child relationship nunc pro tunc); *In re S.V.*, No. 05-17-01294-CV, 2019 WL 1529379 (Tex. App.—Dallas Apr. 9, 2019, no pet.) (mem. op.) (affirming order denying Father's motion to reduce child support); *In re Venkatraman*, No. 05-19-00088-CV (Tex. App.—Dallas Feb. 20, 2019, orig. proceeding) (mem. op.) (denying mandamus relief); *In re Venkatraman*, No. 05-19-00171-CV, 2019 WL 642726 (Tex. App.—Dallas Feb. 15, 2019, orig. proceeding) (mem. op.) (denying mandamus relief); *In re S.V.*, No. 05-18-00037-CV, 2019 WL 516730 (Tex. App.—Dallas Feb. 11, 2019, no pet.) (mem. op.) (affirming order modifying a permanent injunction in suit affecting the parent–child relationship); *In re Venkatraman*, No. 05-18-01510-CV, 2018 WL 6804298 (Tex. App.—Dallas Dec. 27, 2018, orig. proceeding) (denying mandamus relief); *In re Venkatraman*, No. 05-18-00751-CV, 2018 WL 3322896 (Tex. App.—Dallas July 6, 2018, orig. proceeding) (mem. op.) (same); *In re Venkatraman*, No. 05-18-00655-CV, 2018 WL 2979858 (Tex. App.—Dallas June 14, 2018, orig. proceeding) (mem. op.) (denying mandamus relief as moot); *In re Venkatraman*, No. 05-18-00088-CV, 2018 WL 635995 (Tex. App.—Dallas Jan. 31, 2018, orig. proceeding) (mem. op.) (denying mandamus relief); *In re Venkatraman*, No. 05-17- 01474-CV, 2018 WL 329363 (Tex. App.—Dallas Jan. 9, 2018, orig. proceeding) (mem. op.) (same); *In re Venkatraman*, No. 05-17-01349-CV, 2017 WL 5897460 (Tex. App.—Dallas Nov. 29, 2017, orig. proceeding) (mem. op.) (same); *In re Venkatraman*, No. 05-17-01328-CV, 2017 WL 5663620 (Tex. App.—Dallas Nov. 27, 2017, orig. proceeding) (mem. op.) (same); *In re Venkatraman*, No. 05-17-01330-CV, 2017 WL 5622930 (Tex. App.—Dallas Nov. 22, 2017, orig. proceeding) (mem. op.) (same); *In re Venkatraman*, No. 05-17-01310-CV, 2017 WL 5559614 (Tex. App.—Dallas Nov. 16, 2017, orig. proceeding) (mem. op.) (same); *In re S.V.*, No. 05-16-00519-CV, 2017 WL 3725981 (Tex. App.—Dallas Aug. 30, 2017, pet. denied) (mem. op. on reh'g) (affirming in part and reversing in part trial court's 2016 SAPCR nunc pro tunc order); *In re Venkatraman*, No. 05-17-00559-CV, 2017 WL 3474016 (Tex. App.—Dallas Aug. 14, 2017, orig. proceeding) (mem. op.) (denying mandamus relief); *Venkatraman v. Masurekar*, No. 05-15-00792-CV, 2016 WL 7163833 (Tex. App.—Dallas, pet. denied) (mem. op.) (affirming judgment against Venkatraman on breach-of-contract

and procedural background are well known to the parties. Therefore, we do not include a recitation of the facts and include only the procedural background necessary for the disposition of the issue raised by Father in this particular appeal.

On December 15, 2017, the trial court signed an order in the suit affecting the parent–child relationship nunc pro tunc, ordering Father to pay child support in the amount of $895 per month for the younger child after the older child turned 18 years of age and graduated from high school. On April 5, 2018, Mother filed her original petition to modify the parent–child relationship. On June 17, 2018, Father filed a counter petition seeking only a modification of conservatorship, possession, and access to the child. On July 2, 2018, Mother filed her first amended petition to modify the parent–child relationship and petition to confirm child support in arrears, seeking an increase in child support among other things. On January 15, 2019, after a trial before the court, the trial court sent the parties a written memorandum ruling that stated, in part, "[t]he [F]ather's child support is set at $895.00 per the last order in effect and this Court will not modify that amount." On May 6, 2019, the trial court signed an order modifying the parent–child relationship and confirming child-support arrearages that required Father to continue to pay child support in the amount

claim because it was legally impossible for Mother to perform due to intervening judicial act); *In re Venkatraman*, No. 05-17-00489-CV, 2017 WL 2200339 (Tex. App.—Dallas May 19, 2017, orig. proceeding) (mem. op.) (same); *In re S.V.*, No. 05-16-00519-CV, 2016 WL 2993515 (Tex. App.—Dallas May 20, 2016 no pet.) (mem. op.) (reversing trial court orders that sustained district clerk's, court reporter's, and deputy reporter's contest of his affidavit of indigence); *In re Venkatraman*, No. 05-16-00477-CV, 2016 WL 1701797 (Tex. App.—Dallas Apr. 27, 2016, orig. proceeding) (mem. op.) (denying mandamus relief).

of $895.00 per month and to continue to provide health insurance for the younger child. On July 19, 2019, the trial court signed written findings of fact and conclusions of law relating to the May 6, 2019 order.

## II. NO MODIFICATION OF CHILD SUPPORT

In his sole issue on appeal, Father appears to argue the trial court correctly denied Mother's request to increase child support but abused its discretion when it ordered the amount of child support to remain the same instead of decreasing it. Father contends the trial court abused its discretion "by fixing a child support amount for Father that did not comply with Child Support Guidelines" and there is "no evidence of substantive and probative character evidence [] to support the [child-support] award." Mother responds that Father failed to preserve this issue for appeal because he did not file a written counter pleading requesting a reduction in the amount of child support. And, Father invited any error in the judgment when he asked the trial court to find there was no change in circumstances to justify a change in the amount of child support. In the alternative, Mother argues the trial court concluded the evidence of a significant and substantial change since the last order was insufficient to support a change in the amount of child support.

The record shows that Father's counter petition did not request a reduction in the amount of child support. Further, the record of the trial on Mother's motion to

–4–

modify does not show that the issue was raised.[4] Nevertheless, in its written findings and conclusions, the trial court found that "[t]he [trial] [c]ourt denied Father's request to decrease child support based upon his reported income" and concluded "[Father] should be obligated to pay child support to [Mother] in the amount of $895.00 per month for the benefit of S.V. and the evidence did not support an increase or decrease in the amount of support." Accordingly, for the purposes of this appeal, we will assume without deciding that the issue was tried by consent and construe Father's argument on appeal to be that the trial court abused its discretion when it declined to reduce the amount of child support and ordered that it remain the same because there was no evidence to support the trial court's findings and conclusions.[5]

### A. Standard of Review

The trial court has broad discretion to set or modify child support. *In re K.M.B.*, 606 S.W.3d 889, 894 (Tex. App.—Dallas 2020, no pet.). An appellate court will not disturb a trial court's ruling on a child support order absent a clear abuse of discretion. *See Iliff v. Iliff*, 339 S.W.3d 74, 78 (Tex. 2011); *In re K.M.B.*, 606 S.W.3d at 894. A trial court abuses its discretion when it acts arbitrarily or unreasonably,

---

[4] We note that, during the trial, Father did request that, if the trial court were going to change the amount of child support, the amount be based on his net resources as shown in his tax returns.

[5] Father does not specify whether he contends the evidence is legally insufficient, factually insufficient or both. However, we construe his argument to be a challenge to the legal sufficiency of the evidence only because he contends there is "no evidence" and seeks rendition. *See Scott Pelley P.C. v. Wynne*, No. 05-15-01560-CV, 2017 WL 3699823, at *7 (Tex. App.—Dallas Aug. 28, 2017, pet. denied) (mem. op.).

without reference to guiding rules or principles, or fails to analyze or apply the law correctly. *Iliff*, 339 S.W.3d at 78.

In modification suits, traditional sufficiency standards of review overlap the abuse-of-discretion standard. *See In re H.K.D.*, No. 05-18-00968-CV, 2020 WL 428152, at *7 (Tex. App.—Dallas Jan. 28, 2020, no pet.) (mem. op.). Challenges to legal and factual sufficiency of the evidence are not independent grounds of error but are relevant factors in assessing whether the trial court abused its discretion. *In re J.P.M.*, No. 05-18-00548-CV, 2019 WL 6768763, at *1 (Tex. App.—Dallas Dec. 12, 2019, no pet.) (mem. op.). Consequently, to determine whether a trial court abused its discretion, appellate courts engage in a two-part inquiry: (1) whether the trial court had sufficient information upon which to exercise its discretion; and (2) if so, whether the trial court erred in its exercise of that discretion. *Id.*

Where a trial court has signed written findings of fact and conclusions of law, they have the same dignity as a jury's verdict. *In re S.D.S.H.*, No. 05-15-00564-CV, 2016 WL 3398074, at *2 (Tex. App.—Dallas June 20, 2016, no pet.) (mem. op.). The trial court's findings of fact are subject to review under the same legal and factual sufficiency standards as jury findings. *Id.* When conducting a legal-sufficiency review, an appellate court considers the evidence in the light most favorable to the finding and indulges every reasonable inference that would support it. *City of Keller v. Wilson*, 168 S.W.3d 802, 822 (Tex. 2015). An appellate court will not substitute its judgment for that of the factfinder and will uphold the finding

if the evidence falls within the zone of reasonable disagreement. *Id.* Appellate courts recognize the trial court is in the best position to observe and assess the witnesses' demeanor and credibility and to sense the "forces, powers, and influences" that may not be apparent from merely reading the record on appeal. *In re C.M.C.*, No. 05-15-01359-CV, 2016 WL 7166415, at *4 (Tex. App.—Dallas Nov. 9, 2016, no pet.) (mem. op.). Consequently, appellate courts defer to a trial court's resolution of underlying facts and to credibility determinations that may have affected its determination and will not substitute its judgment for that of the trial court. *Id.* If some evidence of a substantial and probative character supports the trial court's decision, there is no abuse of discretion. *In re K.M.B.*, 606 S.W.3d at 894.

### B. Applicable Law

The Texas Family Code permits a trial court to modify a child-support order if the movant shows the circumstances of a child or a person affected by the order has materially and substantially changed since the date of the order's rendition. *See* TEX. FAM. CODE § 156.401(a). In deciding whether a material and substantial change of circumstances has occurred, a trial court is not confined to rigid or definite guidelines. *In re C.M.C.*, 2016 WL 7166415, at *4. Instead, the trial court's determination is fact-specific and must be made according to the circumstances as they arise. *Id.* The law does not prescribe any particular method for showing changed circumstances, which may be established by circumstantial evidence. *Id.*

–7–

Section 156.402 of the Texas Family Code provides that in making the determination whether there has been a material or substantial change of circumstances, it may consider the child-support guidelines under Chapter 154. FAM. § 156.402(a). However, a trial court is not required to modify an order to conform with the statutory guidelines and, in fact, may do so only if it determines that the modification would be in the child's best interest. *See id*. § 156.402(b).

The duty to pay child support is not limited to an obligor's ability to pay from earnings but also includes the obligor's ability to pay from any and all available sources. *In re K.M.B.*, 606 S.W.3d at 897. If a parent's actual income is significantly less than he or she could earn because the parent is intentionally underemployed or unemployed, the court may order child support based on earning potential instead of actual earnings. TEX. FAM. CODE ANN. § 154.066(a). A finding of intentional unemployment to underemployment does not require evidence that the parent's unemployment or underemployment was for the purpose of avoiding child support. *Iliff*, 339 S.W.3d at 83 & n.8.

### C. Application of the Law to the Facts

We construe Father's argument to challenge the following findings of fact:

20. The application of the child support guidelines in this suit would be unjust or inappropriate.

21. The amount of child support per month [ordered] by the [trial] [c]ourt may vary from the amount computed by applying the percentage guidelines under [§] 154.125 of the Texas Family Code for the following reasons:

–8–

A) Father is voluntarily unemployed or underemployed and has completed law school at the time that child support was set by the court.

. . . .

C) The tax return(s) submitted by Father was/were not credible, with Father stating that the tax return program made all of the substantive decisions.

. . . .

E) The Court denied Father's request to dec[r]ease child support based upon his reported income.

22. It is in the best interest of the child that [F]ather continue to provide health insurance for the benefit of the child until the child is no longer a minor.

The trial court's findings of fact and conclusions of law explain why the trial court did not modify or change its prior orders with respect to the amount of child support or the provision of health insurance for S.V. To the extent Father is attempting to collaterally attack the trial court's December 15, 2017 order in suit affecting the parent–child relationship nunc pro tunc, we have already affirmed that order. *See In re S.V.*, No. 05-17-01486-CV, 2019 WL 3026768 (Tex. App.—Dallas, no pet.) (mem. op.). In addition, during the trial, Father testified that "[he] [didn't] believe there's a change of circumstances to warrant a change in child support." It is a well-established principle of law that a party cannot request a ruling from a court and then complain on appeal that the court committed error by giving him the requested ruling. *See In re Marriage of Hammett*, No. 05-14-00613-CV, 2016 WL 3086126, at *7 (Tex. App.—Dallas June 1, 2016, no pet.) (mem. op.) (citing *Tittizer*

*v. Union Gas Corp.*, 171 S.W.3d 857, 861 (Tex. 2005) (discussing "invited error doctrine")).

In his counter petition, Father did not request a reduction in the amount of child support or plead any facts identifying specific circumstances requiring such a decrease. Nevertheless, Father contends there is no evidence to support the trial court's finding of fact that "[t]he tax return(s) submitted by Father was/were not credible, with Father stating that the tax return program made all of the substantive decisions." On appeal, Father contends that the only relevant evidence relating to his net financial resources was his 2016 and 2017 tax returns, which showed his income as zero; so, based on that evidence, his child-support obligation should have been reduced to zero. On both tax returns Father reported his "wages, salaries, tips, etc." as zero. However, this is contrary to Father's testimony that he had income from some consulting work and renting a room in his house through Airbnb. The trial court found that these tax returns were not credible and we defer to the trial court's credibility determinations. *In re C.M.C.*, 2016 WL 7166415, at *4.

Father also contends there is no evidence to support the trial court's finding that he was intentionally underemployed. Rather he maintains the record shows he had just graduated from law school and planned to take the Bar exam in the February of the next year and, as a result, he could not earn any significant income until he had passed the Bar Exam. However, he also testified that he "wrote on [his] law school application . . . the only reason [he was] going to law school [was] because

of the custody matter" and "[he's] spent three and a half years in law school to get a daughter back home." The record also shows that Father has an undergraduate degree in engineering and a graduate degree in management. Further, a LinkedIn summary of Father's employment background and qualifications was admitted over his objection showing he had a background in information technology, servicing various industries including retail, banking, finance, utilities, telecommunications, and transportation. It also showed Father had completed general mediation training as well as advanced family and divorce dispute-resolution training. The LinkedIn summary also stated Father was currently engaged in providing consulting services to a large patent law firm. In addition, Father testified he had some income from consulting work and he rents a room in his house through Airbnb. We conclude the record contains some evidence supporting the trial court's finding that Father was intentionally underemployed.

Finally, Father argues there is no evidence to support the trial court's finding of fact that it is in the child's best interest that he continues to provide the child's health insurance. At trial, the testimony related to Father's failure to make the insurance cards available to the child's doctor. Father does not point to, nor do we find, any evidence showing that health and dental insurance was not available at a reasonable cost.

Next, we also construe Father's argument to challenge the following conclusions of law:

10. It is in the best interest of the child for [F]ather to continue to pay child support at the amount previously set and to provide medical support.

9. There was insufficient evidence to support either an increase or a decrease in the amount of child support Father is ordered to pay.

10.[stet]    [Father] should be obligated to pay child support to [Mother] in the amount of $895.00 per month for the benefit of S.V. and the evidence did not support an increase or a decrease in the amount of support.

11. It is presumed that the obligor shall provide health insurance for the benefit of the minor child.

12. [Father] did not allege that health and dental insurance was not available at a reasonable cost, [and] the [trial] court ordered that he continue to provide coverage since such coverage is in the best interest of the child.

The trial court's findings of fact support these challenged conclusions of law.

For all the foregoing reasons, we conclude the trial court had sufficient information upon which to exercise its discretion and did not err in the exercise of that discretion. Father's sole issue on appeal is decided against him.

### III.  CONCLUSION

The trial court did not err when it declined to reduce the amount of Father's monthly child support obligations.

We affirm the trial court's May 6, 2019 order.

/Leslie Osborne//
LESLIE OSBORNE
JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

IN THE INTEREST OF S.V., A
MINOR CHILD

No. 05-19-00548-CV

On Appeal from the 256th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DF-04-11968-
V.
Opinion delivered by Justice
Osborne. Justices Myers and Carlyle
participating.

In accordance with this Court's opinion of this date, the judgment of the trial
court is **AFFIRMED**.

It is **ORDERED** that appellee JYOTI MASUREKAR f/k/a JYOTI
VENKATRAMAN recover her costs of this appeal and the full amount of the trial
court's judgment from appellant VENKY VENKATRAMAN and from the cash
deposit in lieu of supersedeas bond.

After the judgment and all costs have been paid, we **DIRECT** the clerk of the
district court to release the balance, if any, of the cash deposit in lieu of supersedeas
bond to appellant VENKY VENKATRAMAN.

Judgment entered this 8th day of March, 2022.